May it please the Court, I'm John Bennett, Pro Bono Counsel for Mr. Soria Vega. I'd like to reserve seven minutes of my time for rebuttal, if I may. Seven. If I may. Thank you. The Court should grant Mr. Soria Vega's petition for this reason. In Stone v. United States, the Supreme Court extended the principle of 5 U.S.C. 704, which had been previously made, that that provision does not prevent petitions for reconsideration that are actually filed from rendering the orders under reconsideration non-final. The motion to reconsider in this case disturbed the finality of the prior order of removal. The order on the motion denying reconsideration ordered removal again. That was then the final order under Stone v. United States. It was reissued a year later on June 8, 2005, because the BIA said that there was a problem in service. Therefore, Mr. Soria Vega's petition to reopen after that, filed within 30 days of the final administrative order of removal, was timely. Now, my understanding of the administrative practice has been uniform, that is, the practice has been uniformly to the contrary. Yes, Your Honor. Do you disagree with that? No, I wouldn't disagree with that, Your Honor. And is there some ambiguity in the statute as to whether or not this is a final order in terms of sort of making the time start to run? No ambiguity at all, Your Honor. It says a final administrative order, a final order of removal. No ambiguity at all, and therefore the BIA's interpretation is entitled to no deference. But if I look, for example, to parallel practices, say, in the district court, the district court enters a judgment. The losing party then files a Rule 60 motion, which is denied. Yes. The time for appeal runs from when? The time of the original judgment, I believe. Yes, I think so. That is to say, the fact that there was the civil court equivalent of a motion to reopen, a Rule 60 motion was filed, doesn't mean that the previous order wasn't final. Granted, Your Honor. But that wouldn't fall under Stone v. United States, which does say this does not prevent the order under reconsideration from being non-final. This is an administrative case. The district court is subject, of course, to the Federal Rules of Appellate Procedure and such. This case is under 1229 A.C., and that is not ambiguous. What I'm driving at is I think the language, to my reading at least, is at a minimum ambiguous, and if that's so, the uniform practice of the agency should tell us that that's permissible construction of the language. Mr. Sorriavega reads no ambiguity in it. It says a final, not the final, and as according to the Supreme Court and this Court's rulings, the final order is the absolutely final order. I see no ambiguity in that. The final order, the last, the ultimate order, not the final order that became non-final because it was disturbed by first a motion to reconsider and then a motion to reopen. We are not complaining about the refusal to sua sponte reopen, as the 28-J letter filed by Mr. Hayes mentions. We are complaining about a heightened, we would be complaining about a heightened standard of review which governs sua sponte reopening. We would need, as the previous case, to show exceptional circumstances. Here we don't need to show exceptional circumstances because it is timely under Stone v. United States and the other cases because the motion to reconsider disturbed the finality of the original one. It says the final order of removal. A conviction may be final on its face today, but if it's appealed, it's no longer final. So it was a final order, but it was a final order 90 days ago when it was done, but it's been appealed, so it's not final anymore. And the consequence of your argument, were we to go with you, is any time that there's a motion to reconsider or a motion to reopen, the time to appeal or the time to file more orders, which is more motions with the BIA, doesn't start to run until that pending motion to reopen or pending motion to reconsider has been decided. That would extend things a fair amount of time sometimes. It wouldn't extend appeal from the original order if there was a defect in that. It would extend from the order on the reopening. Yes. So your argument is that this does not extend the time for seeking review in the court of appeal of what the BIA did. Of the original order on the appeal, no. But of the appeal of the motion, the denial of the motion to reopen, yes. And is the language governing petitions for review filed to this court in terms of finality parallel to the language governing when the time starts to run for filing motions to reopen and motions to reconsider? I'm sorry, I didn't understand the first part. Is the language talking about finality that governs the timeliness of a petition for review of a BIA decision to this court parallel to the language of finality governing the timing of motions to reopen and reconsider? I would think so, yes. Then I think you just got yourself in a contradiction, or at least a tension between the meanings of the term finality in those two settings. Oh, I see what you mean. No, then it isn't. Under 1229A, I'll back off as gracefully as I can. Okay. Why don't we hear from the government and then we'll give you a chance to respond. Thank you very much. Thank you. Good morning, Your Honors, and may it please the Court. Michael Heiss on behalf of the Respondent, the Attorney General. Soria Vega sought cancellation of removal, received a full hearing on its merits, and the Immigration Judge denied his application, and then the Board sustained that on appeal. Subsequent to that, we have this series of motions that have somehow called into question the finality of that decision. The Court should, however, ultimately deny in part and dismiss in part for lack of jurisdiction, as Your Honor suggested, regarding Vickinian and some response to reopening, lack of jurisdiction over that. You know, I have to say that Vickinian is one of the worst decisions I've ever written, but there it is. It nonetheless is the law of this Court, and this Court recently reaffirmed it in Zatino, subsequent to Kukan. So I can say that is what it is, Your Honor. Nonetheless, the Court reached the issue of potential ambiguity in the INA, which in terms of motions to reopen, talks about 90 days from the final order of removal is the deadline for filing a motion to reopen. Now, is that ambiguous? And I would say now, yes, based on the fact that we're here arguing about it. What is a final order of removal? And as Your Honor suggested. I've never had a Chevron case where it's been an absolute bar to finding. We argue about whether or not the language is ambiguous all the time. Certainly, certainly. Sometimes we conclude despite the argument that it's perfectly clear. The question here is whether a denial of a motion to reconsider is an order of removal in and of itself, which it is not. Thus, a denied motion to reconsider is not reopenable. It's not contemplated within the INA or the regulations that that's possible. Now, this Court in Lolong, in the NBank Lolong decision, explained what the Board is doing when it is reversing an immigration judge's grant of relief. It's not ordering removal. The Board cannot actually order removal. All it's doing is giving effect to a prior removal order or similar. So what Your Honor suggested with district court practice and this Court handling an appeal in a criminal matter or civil matter, if this Court issues a decision denying a motion to reconsider one of its opinions, that's not the opinion of the Court. The opinion of the Court still remains less than an extended, lengthy opinion that expressly states that it's superseding. Well, the opinion is not the issue. The judgment is the issue. Right. And that's the point here. The order of removal is what is appealed. The IJ ordered removal. The Board affirmed it in May 2004. And what was reissued after that, well, he filed a motion to reconsider that, and then the Board reissued its denial of the reconsideration. It was not reissuing denial of the original appeal, which under Stone needed to be petitioned for review in this Court and was not. The original appeal itself, there's no petition for review of that. There's no petition for review of the denied motion to reconsider. I would argue that the plain language of the INA is clear in terms of what a final order of removal is. That's pretty straightforward. But for the sole reason that we're here today arguing over what it is, what it means to be a final order of removal, if there is any ambiguity there, Your Honor is correct. Yes, there is deference given to the agency's interpretation. We do have a published Board decision. Of course, that's discussing motions to reopen deadlines and the finality of them. That's a matter of gul karen. That's discussing, again, motions to reopen for immigration judges. But the Board noted in footnote 4 of that published Board decision that the regulations as between IJs and Board motions to reopen, they're essentially the same. So I didn't see any reason why that wouldn't be extended should that be presented to it. If you're right, do we need a published opinion on this issue? Absolutely. So that would set forward that the motion to reopen must be filed 90 days after the Board denies an appeal. Otherwise, we have this, as Your Honor suggested, a de facto extension of the deadlines, and that is clearly not what the INA contemplates. It needs to be 90 days from the denied appeal. Well, the question that I think is underlying Judge Trott's question as to whether we should publish is not whether you're right, but whether or not there is significant uncertainty out there in the practicing world about this question. Based on the lack of this issue having come up before, our office was definitely surprised that we hadn't seen it. It's novel. It's very creative to think that you can reopen a denied reconsideration, but no one thought of it, perhaps because it is so clear that you can't. And the untimeliness rule itself, the statute and the regulations both contemplate motions to reopen of denied appeals. And in part, that gets into issues of changed circumstances and extensions and things like that, and what we have here is a changed personal circumstance. So if the court were to allow a motion to reopen of a denied reconsideration, as Your Honor suggested, there's typically a pretty substantial delay between the actual filing of the motion and the Board's decision on it. And to allow reopening of that allows this incredible length of time for new facts to develop. I understand that. The question is really, you know, what if we were to stay on the record? Right. We haven't seen it. We have not seen it with frequency. I personally have not, Your Honor. The Court has no further questions? Okay. Thank you, Your Honor. Mr. Van, you've saved some time. Thank you, Your Honor. May I please support? With all due respect to Mr. Haise, he said that the statute says the final order of removal. A. It says A final. Yes, Your Honor. The whole case depends on the difference between D and A, right? Well, the only ambiguity I see here is the suggestion that the first final order is the final order, despite the fact that it's been disturbed by a motion for reconsideration. That is ambiguous. A final order means there is no one final order except the last one, the one you're attacking. That is the final order in question. There is a final order for appealing the original decision. If you're appealing that, that is the final order. If you're appealing the decision on the motion for reconsideration, that is the final order. These things break down to the difference between D and A. I understand, Your Honor, and that's — Better than the difference between D and me. Indeed, Your Honor. But it does mean that Congress has — I believe the law in the Federal Circuit as well as in the State Circuit is Congress means every word that it says. Oh, let's hope not. Or let me put it another way, that meaning is to be given to every term Congress uses, that it's deliberate. And we're sure that they sat down and said, well, we have a choice here of using the or A. Oh, I'm sure they did. We'll use this one because — Nevertheless, they did. It's not ambiguous. A final order is not the final order. And a first final order, as the government suggests, that may be disturbed later, that still is the final order. Even though it was the first final order and it's not an actually final order, that's ambiguous. The word final is not ambiguous. Final means the last one, the one you're attacking, that's it. Final. Final. I see no ambiguity in that. That's the one we're attacking here. That's the one the motion for reopening attacked. And that's the one that should determine the timeliness of the motion to reopen. You've got a nice point as to the difference between the order and a final. On the other hand, it says a final order of removal. And I have trouble seeing the denial of a motion to reopen or the denial of a motion to reconsider as an order of removal. But each of those orders contained an order of removal or an order of voluntary departure. But it was, in essence, an order of removal. They again ordered — In effect, I think that's right. Yeah. But I think it's at least a permissible construction of the statutory language that the denial of a motion to reopen or the denial of a motion to reconsider is not itself an order of removal. I mean, that's where the argument founders for me. I would agree with you if the BIA hadn't included an order of removal in each of these cases, in each of these orders. They did. So it's the final order of removal. The final one is the one from reconsideration that the motion for reopening timely attacked. And that was the final order, final. We see no ambiguity in that. Okay. Thank you very much, and we pray for the petition to be granted. Thank you. Thank you very much. I thank both sides for your helpful arguments. And I'll say to you, Mr. Bennett, the same as I said to last counsel, we very much appreciate pro bono arguments in these cases. It's very difficult to get competent counsel. And the absence of competent counsel causes us no end of difficulty. And you are a highly competent counsel. We appreciate it.
judges: Breyer, Trott, Fletcher W.